```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:19-CR-0039-001 |
| | ) | |
|     Plaintiff | ) | JUDGE SARA LIOI |
| VS | ) | |
| | ) | **SENTENCING** |
| JUSTIN McGEEVER | ) | **MEMORANDUM** |
| aka Jonor McGree | ) | |
|     Defendant | ) | |

Now comes the Defendant, JUSTIN MCGEEVER and submits the following as his sentencing memorandum in the instant case and asks the Court to consider it in the imposition of sentence which is set for hearing on November 21, 2019. The First Pre Sentence Investigation Report was completed on 10-10-19 and was received by counsel shortly thereafter. There were no objections to the content of the report by Defendant. A second report was submitted to the Court on November 07, 2019 and received by counsel on November 09 2019.

   1. *Background*

Mr. McGeever is 30 year old male from Cleveland Heights, Ohio. His mother is identified as Nora McGeever. He never knew his biological father.

He is the divorced custodial father of his 4 year old daughter Noelle McGree, whose mother is Simone Hunter. Ms Hunter and Mr. McGeever were married for three months at some point prior to the birth of Noelle.

Although Mr. McGeever is physically healthy he does have significant mental health issues. He is diagnosed with PTSD, and Unspecified Schizophrenia and other Psychotic Disorders for which he is medicated on a regular basis with Seroquel, Deodon and Cymbata. He has been hospitalized multiple times as a child and as an adult with psychiatric disorders. He does not use illegal drugs.

He has his own construction business (J.A. McCree Construction) and has often shown counsel photographs of his work completed when the company was operating. The name of the company indicates his previous name of Jonor McGree which also explains why his daughter's last name is not the same as his or her mother's. He had his name legally changed within the past four years.

He holds a high school diploma and has completed a year at Tri-C. Most of how he makes his living was acquired on -the-job.

OFFENSE CONDUCT AND SENTENCING

Mr. McGeever is charged with possession of s firearm while being under a court imposed restraining order. The indictment carried two counts as there were two weapons involved on two different dates. At this point, as the PSR author has pointed out, it should be noted that the plea agreement executed in the present case indicates that the computation of the guideline provisions differs from its own. In the PSR calculation, the guideline range was calculated as 12 to 18 months in zone C,

making Mr. McGeever eligible for a split sentence. The PSR computation did not account for a 4 point enhancement listed in the plea agreement. The plea agreement has a calculation of him being at offense level of 15 after acceptance. That enhancement was based on a factual allegation of trafficking in firearms. USSG 2K2.1 Citing Note 13 to the same section, the PSR indicates there was no information provided that Mr. McGeever "knew the confidential informant" was a prohibited person or "intended to use the firearm unlawfully"-an element which is required to impose the enhancement.

The plea agreement also contemplates that "neither party will recommend or suggest in any way that a departure or variance is appropriate either regarding sentencing range or regarding the kind of sentence". Mr. McGeever acknowledges that reflects the wording of the plea agreement but further acknowledges that the Court is free to accept the recommendations of the PSR. The plea agreement is between the parties, not the Court. The Court may sentence as it sees fit in imposing a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 USC 3553 (a). The PSR's recommendation that the history and characteristics of the defendant shall be considered in sentencing and it bases its recommendation for variance on that history and those characteristics. As such, the Defendant does not disagree with the PSR's analysis.

CRIMINAL HISTORY

Mr. McGeever was placed in a Criminal History Category II. He

herein submits he should be more appropriately be placed in a Category I. Defendant does not demean the seriousness of any of the listed convictions but does ask the Court that his first offense occurred nine years prior to the present offense. He was 21 years old and that was his only felony. He successfully completed probation. His menacing offense was a third degree misdemeanor. The domestic incident giving rise to the second conviction appears to be the only time in his life he did anything violent. Taken in toto, the assessment of 3 points does not fairly represent Mr. McGeever's criminal history. He is more accurately represented as having a Criminal History of I.

Mr. McGeever has accomplished significant things despite his background and his disabilities. The opportunity to continue to do these things would do neither the Government nor the Defendant any benefit.

WHEREFORE, Mr. McGeever asks the Court to find him in a Criminal History Category of I and at a minimum offense level the Court deems proper under all of the documentary material before it. Mr. McGeever further asks that he be granted the minimum sentence allowed by the United States Sentencing Guidelines and the option to self report. He is currently on pre trial supervision and no problems have occurred.

Respectfully Submitted:

/s/ Lawrence Delino,Jr.
_____
LAWRENCE L. DELINO, JR. #0024711
Attorney for Defendant
137 South Main Street #204
Akron, Ohio 44308
330-535-9330

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Sentencing Memorandume was electronically provided to Christopher Joyce, AUSA on the date of filing.
/s/ Lawrence Delino,Jr.

_____
LAWRENCE L. DELINO, JR. #0024711
Attorney for Defendant